UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE

CASE NO. 0:23-cv-62328

TYPTAP INSURANCE COMPANY,  a
Florida corporation, as subrogee of
JOSETTE MATHURIN,

     Plaintiff,

v.

PORSCHE CARS NORTH AMERICA, INC., a
foreign corporation,

     Defendant.

_____/

## DEFENDANT, PORSCHE CARS NORTH AMERICA, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND SUPPORTING MEMORANDUM OF LAW

Defendant, PORSCHE CARS NORTH AMERICA, INC. ("PCNA"), moves this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for the entry of an Order dismissing the Complaint ("Complaint") filed herein by the Plaintiff, TYPTAP INSURANCE COMPANY, as subrogee of JOSETTE MATHURIN ("Plaintiff"), and, in support thereof, submits the following Memorandum of Law:

### BACKGROUND

This is a subrogation action arising out a September 25, 2021 fire that allegedly occurred in the garage of Plaintiff's insured, Josette Mathurin ("Insured"). Compl. at pp. 3-5, ¶¶ 10, 18-23, respectively. Plaintiff alleges that the fire originated in the engine compartment of Insured's 2014 Porsche Cayenne, VIN: WP1AA2A24ELA02254 ("Subject Vehicle") purportedly as a result of an unspecified "defect" in the design or manufacture of the "motor starter assembly and/or its components." *Id.* at pp. 3 and 6, ¶¶ 10, 11, & 29-31, respectively. Finally, Plaintiff alleges that it

paid its Insured $150,804.94, pursuant to its Homeowners' Policy No.: 12-1012588-02 to repair the damage caused by the fire and restore the property to its pre-loss condition. *Id.* at ¶ 14.

Plaintiff has now sued PCNA in an effort to recover those monies pursuant to a two Count Complaint that includes claims for strict liability (Count I) and negligence (Count II), both of which are rooted in products liability. However, Plaintiff's Complaint is legally deficient on its face, in that it: (1) fails to state a claim rooted in products liability, whether under the guise of strict liability or negligence, (2) constitutes an impermissible shotgun pleading, in that it commingles legally distinct causes of action, including, but not limited to: equitable subrogation, negligence, strict liability, and design and manufacturing defects and impermissibly incorporates all allegations of the Complaint into Count II; and (3) fails to state a statutory or contractual basis that would support an award of attorney's fees. Accordingly, this Court should dismiss the Complaint.

## STANDARD OF REVIEW

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). The Supreme Court has emphasized that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Despite the assumption of the truth of the factual

allegations of the complaint, where there is a dispositive legal issue which precludes relief, dismissal is warranted. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

**ARGUMENT**

**I.     THIS COURT SHOULD DISMISS THE COMPLAINT, BECAUSE PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Count I of the Complaint attempts to assert a claim for strict liability and Count II attempts to assert a claim for negligence.  Both claims are rooted in products liability.  Under Florida law, in order for a plaintiff to assert a product liability claim, whether strict liability or negligence, the plaintiff must plead and prove ultimate facts on each of the following elements: (1) that the seller was engaged in the business of selling such a product; (2) that the product was expected to and did reach the consumer without substantial change in the condition in which it was sold; (3) that the product was in a defective condition unreasonably dangerous to the consumer; (4) that it caused the injuries complained of; and (5) that it existed at the time the retailer or supplier parted possession with the product. *See West v. Caterpillar Tractor Co.*, 336 So. 2d 80 (Fla. 1976).

Further, to maintain an action for products liability, whether strict liability or negligence, the plaintiff must establish a defect in the product or that the product is unreasonably dangerous. *Marzullo v. Crosman Corp.*, 289 F. Supp. 2d 1337, 1342 (M.D. Fla. 2003); *Royal v. Black & Decker Mfg. Co.,* 205 So. 2d 307, 309 (Fla. 3d DCA 1967) (noting that "at the heart of each theory [of product liability] is the requirement that the plaintiff's injury must have been caused by some Defect in the product.") (cited in *West v. Caterpillar Tractor Co.,* 336 So. 2d 80, 86 (Fla. 1976)). Additionally, a complaint must contain factual allegations as to the alleged defect. *Gomez*, 675 F. Supp. 2d at 1163 (finding the allegation "that the products were 'defectively designed and/or manufactured because [their] intended use resulted in a substantial and unreasonable likelihood of

3

causing Stevens-Johnson syndrome…[was] no more than bare legal conclusions" warranting the dismissal of the complaint); *see also Rice v. Walker*, 359 So. 2d 891, 892 (Fla. 3d DCA 1978) (dismissing products liability complaint when the plaintiff did not allege facts to show how the product was defective).

The foregoing principles are fatal to Plaintiff's Complaint, because the Complaint only contains general conclusory allegations regarding the nature of the purported defect in the Subject Vehicle. *See* Cmplt. At p. 3 and 6, ¶¶ 11 (wherein Plaintiff simply alleges that "the fire originated due to a defect in the motor starter assembly and/or its components that are original to the Vehicle" and "the motor starter assembly contained a defect allowing the solenoid to remain engaged when it should not have been"). Such allegations, without more, are wholly insufficient for either PCNA or the finder-of-fact to know what defect or defects in what "motor starter assembly and/or its component parts" it is being asked to defend against. Thus, Plaintiff's Complaint should be dismissed. *See, e.g., Rice*, 359 So. 2d at 892 (trial court properly dismissed a complaint where the plaintiff did not state "the facts constituting [the alleged] defects, or "allege facts showing how, as made, any such components…as having been constructed in a manner which subjected the user to dangers in certain respects…"). *See also Royal v. Black & Decker Mfg.*, 205 So. 2d 307 (Fla. 3d DCA 1967) (dismissal was proper where plaintiff "failed to allege any facts from which reasonable men might conclude that the plug was unreasonably dangerous or defective").

Moreover, products can be defective in design, manufacture or warning. *Jennings v. BIC Corp.*, 181 F.3d 1250, 1255 (11th Cir. 1999); *Brown v. Glade and Grove Supply, Inc.*, 647 So. 2d 1033 (Fla. 4th DCA 1994). However, these are distinct theories of liability that must be identified and properly pled. *Gomez*, 675 F. Supp. 2d at 1163. A complaint that does not clearly state whether it is alleging a defective design, manufacture or warning claim prejudices the defendant

as the defendant cannot determine which doctrine is at issue and cannot form a proper response. *Id.* (citing *Harduvel v. Gen. Dynamics Corp.*, 878 F.2d 1311, 1317 (11th Cir. 1989). Plaintiff's Complaint alleges that the Subject Vehicle "suffers from a manufacturing **and/or** design defect." *See* Cmplt. At p. 6, ¶ 29. This is insufficient as it is unclear which theory Plaintiff is putting forth or if Plaintiff is asserting both a design and manufacturing defect claim. To the extent Plaintiff is asserting both a design and manufacturing defect claim, those claims must be specifically identified and properly pled, which they are not.[1]

   a)      Manufacturing Defect

"A product is defective because of a manufacturing defect if it is in a condition unreasonably dangerous to the user and the product is expected to and does reaches the user or consumer without substantial change affecting that condition." *In re Standard Jury Instructions in Civil Cases--Report No. 13-01 (Prod. Liab.)*, 160 So. 3d 869, 873 (Fla. 2015). For a product to be "unreasonably dangerous because of a manufacturing defect," it must be "different from its intended design and fails to perform as safely as the intended design would have performed." *Id.* at 874. A manufacturing defect is the result of a "miscarriage in the manufacturing process which produces an unintended result." *Cassisi v. Maytag Co.*, 396 So. 2d 1140 (Fla. 1st DCA 1981).

Because manufacturing defect claims are generally limited to situations where something goes wrong in the manufacturing process, and Plaintiff's Complaint mentions nothing about an error or other issue in the manufacturing process that somehow caused the subject vehicle to

---

[1] As explained in detail below, there are four types of shotgun pleadings and the Complaint "commits the sin of not separating into a different count each cause of action of claim for relief" by failing to separate claims for a manufacturing defect and design defect which also mandates dismissal. *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015); *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 979 (11th Cir. 2008), *abrogated on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

deviate from the norm, the Complaint fails to state a cause of action for a defect in manufacture. Plaintiff propounds no facts or circumstances from which a reasonable person could consider the subject vehicle unreasonably dangerous due to a manufacturing flaw.

        b)      <u>Design Defect</u>

"A product is defective because of a design defect if it is in a condition unreasonably dangerous to the user and the product is expected to and does reach the user without substantial change affecting that condition." *In re Standard Jury Instructions*, 160 So. 3d at 874. For a product to be "unreasonably dangerous because of its design" it must fail "to perform as safely as an ordinary consumer would expect when used as intended or when used in a manner reasonably foreseeable by the manufacturer" or "the risk of danger in the design outweighs the benefits." *Id.*; *see Force v. Ford Motor Co.*, 879 So. 2d 103, 106 (Fla. 5th DCA 2004). Further, "a design defect exists where the ***foreseeable risk of harm posed by the product could have been reduced or avoided by adopting a reasonable alternative design and the failure to adopt that design renderers the product not reasonably safe***." *Bailey v. Janssen Pharmaceutica, Inc.*, 2006 WL 3665417, at *3 (S.D. Fla. Nov. 14, 2006) (emphasis added) (quoting *Kohler Co. v. Marcotte*, 907 So. 2d 596, 600 (Fla. 3d DCA 2005)).

Plaintiff only makes conclusory statements that the Subject Vehicle "suffers from a manufacturing and/or design defect allowing the solenoid to remain engaged when it should not have…" Compl. at pp. 6 and 7, ¶¶ 29 and 35. Plaintiff offers no factual support for the claimed design defect. As such, Plaintiff's Complaint is grossly insufficient to state a design defect claim and commingles it with unsupported manufacturing defect claim. Therefore, the Complaint's purported strict liability cause of action in Count I and negligence claim in Count II must be dismissed.

## II. **PLAINTIFF'S COMPLAINT IS AN IMPERMISSIBLE SHOTGUN PLEADING**

Federal Rule of Civil Procedure 8 requires that a pleading contain a "short and plain statement of the claim" showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Rule 10, in turn, requires a plaintiff to set forth separate counts for each of their purported claims. Fed. R. Civ. P. 10. Specifically, Rule 10 provides, in relevant part, that "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances" and that "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Fed. R. Civ. P. 10(b).

Federal courts, including the Eleventh Circuit, have held that, taken together, Rules 8 and 10 require a plaintiff "'to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading' and allow the court to determine which facts supported which claims and whether the plaintiff had stated any claims upon which relief can be granted." *Washington v. Bauer*, 149 F. App'x 867, 869-70 (11th Cir. 2005) (citing *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996)).

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings'." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). *See also Degirmenci v. Lauderdale*, 693 F. Supp. 2d 1325 (S.D. Fla. 2010) (quoting *Strategic Income Fund, LLC v. Spear, Leeds Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002) and emphasizing that "[a] typical shotgun pleading 'contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (*i.e.*, all but the first) contain irrelevant factual allegations and legal conclusions'").

The Eleventh Circuit has identified 4 categories of shotgun pleadings:

> [t]hough the groupings cannot be too finely drawn, we have
> identified four rough types or categories of shotgun pleadings. **The**

**most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint**. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. **The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief**. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (emphasis added).

Shotgun pleadings are subject to dismissal on that basis alone, because they "impede the orderly, efficient and economic disposition of disputes as well as the court's overall ability to administer justice." *Degirmenci v. Sapphire-Fort Lauderdale, LLLP*, 693 F. Supp. 2d 1325, 1336 (S.D. Fla. 2010) (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1128-31 (11th Cir. 2001) and dismissing, as an impermissible shotgun pleading, a complaint that did not separate out the allegations that apply to each count and, instead, incorporated every preceding count into the counts that follow). *See also Jackson v. Bank of Am., N.A.,* 898 F.3d 1348, 1357 (11th Cir. 2018); *Pyatt v. Gimenez*, No. 1:20-cv-20827-BLOOM/Louis, 2020 WL 4003495 at *5 (S.D. Fla. Jul. 15, 2020) (dismissing, without prejudice, a complaint that "suffer[ed] from the second and fourth 'sins'" identified by the *Weiland* Court).

Plaintiff's Complaint is an impermissible shotgun pleading, in that Count II realleges and reincorporates by references the allegations in all preceding paragraphs, including those that form the basis for Count I, as well as Plaintiff's claim for equitable subrogation. Complt. at p. 7, ¶ 35. Moreover, Counts I and II improperly comingle what are separate and distinct causes of action for design defect and manufacturing defect. Finally, Plaintiff does not set forth a separate cause of action for equitable subrogation, choosing instead to simply allege, in a conclusory fashion, the elements of a claim for equitable subrogation in the "General Allegations" section of its Complaint. By virtue of the foregoing, Plaintiff has committed "sins" 1 and 3 of the *Weiland* quartet and, as a result, its Complaint should be dismissed.

### III.    <u>PLAINTIFF DOES NOT STATE A CLAIM FOR ATTORNEY'S FEES</u>.

Florida courts have long adhered to the so-called "American Rule" with respect to the recoverability of attorney's fees. That rule provides that a litigant is entitled to an award of attorney's fees only if they are authorized by statute, contract, or an agreement of the parties. *See, e.g., Mallas v. Mallas*, 326 So. 3d 704, 705 (Fla. 4th DCA 2021) (citing *TGI Friday's, Inc. v. Dvorak*, 663 So. 2d 606, 614 (Fla. 1995) (Wells, J., concurring)). *See also P.A.G. v. A.F.*, 602 So.2d 1259, 1260 (Fla. 1992); *Main v. Benjamin Foster Co.*, 141 Fla. 91, 192 So. 602, 604 (1939). Thus, courts routinely dismiss or strike demands for attorney's fees where a plaintiff "fails to plead a contractual or statutory basis or none exists*." Resmondo v. New Hampshire Ins. Co.*, No. 8:13-cv-2907-T-30EAJ, 2013 WL 6894857, at *1 (M.D. Fla. Dec. 31, 2013). *See also Kearney v. Valley Nat'l Bank*, No: 21-cv-64, 2022 WL 19754, at *4 (M.D. Fla. Jan. 3, 2022); *Milazzo v. The First Liberty Ins. Corp.*, No. 2:21-cv-550-JLB-MRM, 2021 WL 5843073, *6 (M.D. Fla. Dec. 9, 2021).

In Paragraph 26 of its Complaint, which, as previously stated, is incorporated by reference in both Counts I and II, Plaintiff uses language typically reserved for cases in which a pleader

9

intends to seek or is seeking an award of attorney's fees, namely "Plaintiff has hired the undersigned law firm and is obligated to pay a reasonable fee for its services." Plaintiff also vaguely alleges its intent to seek recovery of "pre-judgment interest, court costs, **and all other fees** and costs allowable by the governing law." Complt. at p. 5, ¶ 25 (emphasis added). That allegation too is incorporated by reference in Counts I and II. Significantly, Plaintiff has not pled any statute or contract that would entitle it to an award of attorney's fees against PCNA.  Until it does, all allegations in the Complaint that relate to a claim for attorney's fees should be stricken.

## CONCLUSION

Based on the foregoing arguments and authorities, Defendant, PORSCHE CARS NORTH AMERICA, INC., respectfully requests that this Court dismiss Plaintiff's Complaint and that it grant PCNA any and all such further relief to which it is entitled.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 8, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Southern District of Florida, by using the CM/ECF system and served by Email:  GROELLE & SALMON, P.A., Stephen N. Rampaul, Esq., gstcourtdocs@gspalaw.com; srampaul@gspalaw.com.

s/ *Frank D. Hosley*

Designated email addresses:

frank.hosley@bowmanandbrooke.com
aimee.adams@bowmanandbrooke.com
taylor.silverberg@bowmanandbrooke.com
tammy.tomblin@bowmanandbrooke.com
jan.nash@bowmanandbrooke.com
christina.berrios@bowmanandbrooke.com

**FRANK D. HOSLEY**
Florida Bar No. 078972
**AIMEE M. ADAMS**
Fla. Bar No. 099274
**BOWMAN AND BROOKE, LLP**
1064 Greenwood Blvd. – Suite 212
Lake Mary, Florida 32746
T: (407) 585-7600; F: (407) 585-7610
Attorneys for Defendant
PORSCHE CARS NORTH AMERICA, INC.