UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:23-CV-62328-DAMIAN/AUGUSTIN-BIRCH

**TYPTAP INSURANCE COMPANY,**

    **Plaintiff,**

v.

**PORSCHE CARS NORTH AMERICA, INC.,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S AMENDED
MOTION TO STRIKE DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

This case comes before the Court on Plaintiff Typtap Insurance Company's Amended Motion to Strike Defendant Porsche Cars North America, Inc.'s Answer and Affirmative Defenses. DE 24. The Honorable Melissa Damian, United States District Judge, referred the Amended Motion to the undersigned United States Magistrate Judge for appropriate disposition. DE 29. Defendant filed a Response to the Motion; Plaintiff did not file a Reply. DE 27. The Court has carefully considered the briefing and the record and is otherwise fully advised in the premises. For the reasons set forth below, the Court recommends that the Amended Motion be **GRANTED IN PART AND DENIED IN PART**.

    **I.**    **Plaintiff's Allegations**

Plaintiff filed an Amended Complaint as the subrogee of Josette Mathurin. DE 16. Plaintiff alleges that there was a fire in Ms. Mathurin's garage on September 25, 2021, when Plaintiff insured her real property. *Id.* ¶¶ 6–7, 11. The source of the fire was the engine compartment of Ms. Mathurin's Porsche motor vehicle, which Defendant had designed,

manufactured, and distributed. *Id.* ¶¶ 8–11. The fire started "due to a defect in the motor starter assembly and/or its components" in the vehicle that "allowed the solenoid to remain engaged when it should not have been" and "caused a high heat connection and electrical activity." *Id.* ¶¶ 12, 30, 32. Plaintiff paid over $150,000 to repair the fire damage to Ms. Mathurin's real property and seeks to recover that payment from Defendant through this lawsuit. *Id.* ¶ 15. Plaintiff pleads one count of strict product liability. *Id.* at 5. Defendant filed an Answer containing affirmative defenses, and Plaintiff then filed the Amended Motion now before the Court. DE 18; DE 24.

## II.  Legal Standards

"A court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Although a court has broad discretion when reviewing a motion to strike, such motions are considered a drastic remedy and are often disfavored by the courts." *Delgado v. Carnival Corp.*, 640 F. Supp. 3d 1286, 1289 (S.D. Fla. 2022) (quotation marks omitted). "Motions to strike are generally denied unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Id.* (quotation marks omitted).

"An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." *Id.* at 1288–89 (quotation marks omitted). "Affirmative defenses are subject to the general pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure." *Id.* at 1289; *see* Fed. R. Civ. P. 8(a) (requiring a pleading to include, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief"). "[W]hen considering a motion to strike affirmative defenses, the Court assesses whether the defense is legally sufficient to provide fair notice of the nature of the defense." *Delgado*, 640 F. Supp. 3d at 1289 (quotation marks omitted).

"An affirmative defense must be stricken when the defense is comprised of no more than bare-bones, conclusory allegations or is insufficient as a matter of law." *Id.* While a party need not plead such extensive facts to support an affirmative defense as are needed to support a complaint, the party must indicate the grounds on which the affirmative defense rests and provide facts to show how and why the defense applies to the case. *Id.* at 1291. It is improper for a party to assert an affirmative defense simply out of an abundance of caution that some facts may come to light to support it. *Id.* ("[T]he barebones affirmative defense appears to have been asserted in an abundance of caution in case facts come to light upon which the defense may be relevant. If that were a sufficient basis for an affirmative defense, then every defendant would have a basis for asserting nearly any legitimate affirmative defense that might arguably, eventually apply in any given case. That is more akin to shotgun pleading than fair notice.").

### III.   Analysis

As an initial matter, the Amended Motion includes a request to strike the Answer in its entirety. DE 24 at 9. However, Plaintiff provides no legal argument why the Answer should be struck as a whole. The only possible reason Plaintiff provides for striking the Answer as a whole appears in the background section of the Amended Motion. There, Plaintiff states that it filed the Amended Complaint on February 7, that Defendant's response to the Amended Complaint was due by February 19, and that Defendant filed the Answer on February 21. *Id.* at 2. Plaintiff possibly believes that the Answer should be struck if it was a few days late. But the Answer was not late because Defendant had 14 days—until February 21—to file the Answer after Plaintiff amended the original Complaint. *See* Fed. R. Civ. P. 15(a)(3) (providing 14 days to respond after service of an amended pleading). Defendant filed the Answer on time. The Court does not recommend that the Answer be struck in its entirety.

Plaintiff contends that affirmative defense numbers 3–7, 9, 13, 16, 18, and 20 should be struck. Plaintiff maintains that affirmative defense numbers 3–7, 9, 13, and 16 are insufficiently pled and that affirmative defense numbers 18 and 20 are not valid affirmative defenses.

**A. Affirmative Defense 3**

Defendant's third affirmative defense states:

> 3. As a further affirmative defense and in compliance with *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993) and *Nash v. Wells Fargo Guard Services, Inc.*, 678 So. 2d 1262 (Fla. 1996), PCNA identifies the following persons or entities as party and non-tortfeasors in this case:
>
>    1) Josette Mathurin;
>    2) Ferley Galette;
>    3) Nancie Galette;
>    4) Any entity that repaired, performed maintenance, or made modifications to the subject vehicle; and
>    5) Any other currently unidentified parties, persons, firms, or corporations over whom PCNA had no control or duty to control, and for whose actions PCNA cannot be held responsible or legally liable for.
>
> PCNA reserves the right to amend this affirmative defense to identify any additional individuals or entities responsible, in whole or in part, for Plaintiff's damages as they are revealed through the investigation and discovery in this case.

DE 18 at 6.

Under the *Fabre* case, a defendant may raise an affirmative defense to have liability apportioned to a non-party. *See Reed v. Royal Caribbean Cruises, Ltd.*, No. 19-24668-CIV, 2021 WL 1348489, at *6 (S.D. Fla. Mar. 5, 2021) ("In *Fabre v. Marin*, 623 So. 2d 1182, 1185-87 (Fla. 1993), the Florida Supreme Court created an affirmative defense that allows named defendants to

4

apportion liability to non-parties termed *Fabre* Defendants . . . ." (quotation marks omitted)). The third affirmative defense is a legally valid affirmative defense.

However, Defendant has not pled the third affirmative defense in a manner that satisfies the pleading standard. Defendant pleads no facts to show why the three named individuals may be liable. Further, Defendant does not identify any other individual or entity and plead facts to show why that individual or entity may be liable. The third affirmative defense is bare-bones and fails to provide fair notice as to why any non-party may be liable. The Court recommends that the third affirmative defense be dismissed without prejudice to repleading.

### B. Affirmative Defense 4

Defendant's fourth affirmative defense states: "[Defendant] alleges that the negligence of another, not of [Defendant], caused or contributed to the alleged loss and damages; and that such negligence of another was the sole proximate cause, contributing cause, or an independent intervening cause of the loss alleged." DE 18 at 6–7. As with the third affirmative defense, the fourth affirmative defense seeks to apportion liability to another and is a legally valid affirmative defense. But as with the third affirmative defense, the fourth affirmative defense also is bare-bones. The affirmative defense fails to identify any potentially negligent party and fails to provide any facts to show why the defense may apply in this case. The Court recommends that the fourth affirmative defense be dismissed without prejudice to repleading.

### C. Affirmative Defense 5

Defendant's fifth affirmative defense states: "[Defendant] alleges that Plaintiff has failed to join necessary and indispensable parties as required by the Federal Rules of Civil Procedure." *Id.* at 7. A defendant may raise an affirmative defense that the plaintiff failed to join a necessary party. *See Gent Row, LLC v. Truist Fin. Corp.*, No. 9:22-CV-80684, 2022 WL 18466211, at *2

(S.D. Fla. Nov. 21, 2022) ("As for the sixth affirmative defense[], the Court finds that failure to join a necessary party under Rule 19(a) may be pled as an affirmative defense."). The fifth affirmative defense is a legally valid affirmative defense.

However, the fifth affirmative defense is bare-bones. The affirmative defense fails to identify any party who should be joined and fails to provide any facts to show why the defense may apply in this case. The Court recommends that the fifth affirmative defense be dismissed without prejudice to repleading.

### D.  Affirmative Defense 6

Defendant's sixth affirmative defense states: "[Defendant] alleges that joint and several liability has been abolished in Florida as of April 26, 2006, and [Defendant] affirmatively pleads all rights available to it under the applicable law set forth in the Tort Act." DE 18 at 7. The statement that "joint and several liability has been abolished in Florida as of April 26, 2006" is simply a contention about the state of the law and is not an affirmative defense. *See Affordable Aerial Photography, Inc. v. Beycome Brokerage Realty LLC*, No. 20-20520-Civ, 2020 WL 6134272, at *5 (S.D. Fla. June 1, 2020) ("The ninth affirmative defense . . . fails because it does not constitute an actual affirmative defense. Instead, the ninth affirmative defense is merely a statement of law that Defendants' infringement must be more than de minimis."). The Court recommends that the first portion of the sixth affirmative defense be dismissed with prejudice. Upon repleading, Defendant may replead any defenses or denials that are not legally valid affirmative defenses as general defenses or denials. *See Delgado*, 640 F. Supp. 3d at 1290 (permitting a defendant to assert a stricken affirmative defense as a general denial upon repleading); *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, No. 09-61490-Civ, 2010 WL

5393265, at *2 (S.D. Fla. Dec. 21, 2010) (advocating for a practice of properly labeling denials and affirmative defenses and keeping the two categories separate in a pleading).

The statement in the sixth affirmative defense that Defendant "affirmatively pleads all rights available to it under the applicable law set forth in the Tort Act" might raise a legally valid affirmative defense. However, that portion is pled in too conclusory a manner for the Court to determine whether it raises a legally valid affirmative defense, as Defendant has not identified the "rights available to it" to which it is referring. The Court recommends that the last portion of the sixth affirmative defense be dismissed without prejudice to repleading.

E. **Affirmative Defense 7**

Defendant's seventh affirmative defense states: "[Defendant] alleges that the subject vehicle fire and resultant damages, if any, were caused by the abuse, misuse, or alteration of the subject vehicle and, therefore, Plaintiff is not entitled to recovery or, alternatively, is not entitled to full recovery." DE 18 at 7. As with the third and fourth affirmative defenses, the seventh affirmative defense seeks to apportion liability to another and is a legally valid affirmative defense. However, the seventh affirmative defense is bare-bones and fails to provide any facts to show why the defense may apply in this case. The Court recommends that the seventh affirmative defense be dismissed without prejudice to repleading.

F. **Affirmative Defense 9**

Defendant's ninth affirmative defense states: "[Defendant] alleges that, pursuant to section 768.1256, Florida Statutes there is a rebuttable presumption that the subject vehicle is not defective." *Id.* As with the first portion of the sixth affirmative defense, the ninth affirmative defense is simply a contention about the state of the law and is not an affirmative defense. The Court recommends that the ninth affirmative defense be dismissed with prejudice.

### G. Affirmative Defense 13

Defendant's thirteenth affirmative defense states: "[Defendant] alleges that it is entitled to, and claims benefit of, all defenses and presumptions set forth or arising from any rule of law or statute in the State of Florida." *Id.* at 8. This affirmative defense is pled in too conclusory a manner for the Court to determine whether it raises a legally valid affirmative defense, as Defendant has not identified the "defenses and presumptions" to which it is referring. The Court recommends that the thirteenth affirmative defense be dismissed without prejudice to repleading.

### H. Affirmative Defense 16

Defendant's sixteenth affirmative defense states: "[Defendant] alleges that the subject action is barred by the applicable statute of repose, statute of limitation, doctrine of estoppel and laches, and any other applicable limitation based on the age of the product, the date of the vehicle fire, and the date the subject suit was filed." *Id.* The statute of repose, the statute of limitation, estoppel, and laches are legally valid affirmative defenses. *See Appleby v. Knauf Gips KG*, No. 22-CIV-61411, 2023 WL 2401800, at *2 (S.D. Fla. Mar. 8, 2023) ("A bar from liability due to the running of a statute of repose, like a defense based on a statute of limitations, is an affirmative defense."); *Dionisio v. Ultimate Images & Designs, Inc.*, 391 F. Supp. 3d 1187, 1195 (S.D. Fla. 2019) (referring to estoppel and laches as affirmative defenses).

However, the sixteenth affirmative defense is bare-bones. It fails to provide any facts to show why any of the four identified affirmative defenses may apply in this case. The Court recommends that the sixteenth affirmative defense be dismissed without prejudice to repleading.

### I. Affirmative Defense 18

Defendant's eighteenth affirmative defense states: "Plaintiff's Complaint fails to state a claim upon which relief can be granted against [Defendant]." DE 18 at 8. Failure to state a claim

8

is not an affirmative defense. *See Northrop & Johnson Holding Co., Inc. v. Leahy*, No. 16-cv-63008, 2017 WL 5632041, at *3 (S.D. Fla. Nov. 22, 2017) ("Failure to state a claim is a defect in a party's claim; it is not an additional set of facts that bar recovery notwithstanding a party's valid prima facie case. Accordingly, Affirmative Defense 1 is stricken." (alterations, citation, and quotation marks omitted)). The Court recommends that the eighteenth affirmative defense be dismissed with prejudice.

### J. Affirmative Defense 20

Defendant's twentieth affirmative defense states: "[Defendant] reserves the right to seek leave to amend its Answer and Affirmative Defenses as its investigation and discovery of this case proceeds." DE 18 at 9. A reservation of the right to seek leave to amend a pleading is not an affirmative defense. *See Doral Boulevard Hotel, LLC v. Hartford Steam Boiler Inspection & Ins. Co.*, No. 16-20697-Civ, 2016 WL 8793344, at *2 (S.D. Fla. May 23, 2016) ("Finally, Doral asks the Court to strike Hartford's reservation of rights clause, which attempts to preserve the right to amend its pleadings. Although this type of boilerplate language is common, several courts have recognized that it does not constitute an affirmative defense because it does not respond to the initial complaint or raise facts which negate Plaintiff's claims. To the extent Hartford wishes to add an additional affirmative defense, it will have to move for leave to amend and it will ultimately be for the Court to decide whether to grant leave, consistent with the Federal Rules. As the reservation of rights clause is of no effect, the Court will exercise its discretion to strike it from this case." (citations and quotation marks omitted)). The Court recommends that the twentieth affirmative defense be dismissed with prejudice.

## IV. Conclusion

For the foregoing reasons, the Court recommends that Plaintiff's Amended Motion to Strike Defendant's Answer and Affirmative Defenses [DE 24] be **GRANTED IN PART AND DENIED IN PART**. The Court does not recommend that the Answer be struck in its entirety. The Court recommends that affirmative defense numbers 3–5, 7, 13, and 16 and the last portion of affirmative defense number 6 be dismissed without prejudice to repleading. The Court further recommends that affirmative defense numbers 9, 18, and 20 and the first portion of affirmative defense number 6 be dismissed with prejudice.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 13th day of May, 2024.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE