UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-62328-CIV-DAMIAN/Augustin-Birch

**TYPTAP INSURANCE COMPANY**,

    Plaintiff,

vs.

**PORSCHE CARS NORTH AMERICA, INC.**,

    Defendant.
_____/

### ORDER ADOPTING REPORT & RECOMMENDATION [ECF NO. 34] AND GRANTING UNOPPOSED MOTION FOR LEAVE TO FILE AN AMENDED ANSWER AND AFFIRMATIVE DEFENSES [ECF NO. 37]

**THIS CAUSE** came before the Court on Magistrate Judge Panayotta Augustin-Birch's Report & Recommendation (the "Report") [ECF No. 34], entered on May 13, 2024, and on Defendant, Porsche Cars North America, Inc.'s ("Porsche"), Unopposed Motion for Leave to File an Amended Answer and Affirmative Defenses, filed on May 24, 2024 [ECF No. 37 (the "Motion for Leave")].

THE COURT has reviewed the Report and Motion for Leave and the pertinent portions of the record and is otherwise fully advised. On February 21, 2024, Porsche filed its Answer and Affirmative Defenses (the "Answer") [ECF No. 18]. In response, on March 5, 2024, Plaintiff, Typtap Insurance Company ("Typtap"), filed its Amended Motion to Strike Answer and Affirmative Defenses (the "Motion to Strike") [ECF No. 24]. The Motion to Strike was referred to Magistrate Judge Panayotta Augustin-Birch pursuant to the Court's Order Referring Motion to Magistrate Judge. [ECF No. 29].

After carefully considering the briefing, Judge Augustin-Birch issued the Report on May 13, 2024, recommending that the Motion to Strike be granted in part and denied in part. *See* ECF No. 34. Judge Augustin-Birch first found that the Answer was timely filed, and thus should not be stricken in its entirety. *See id.* at 3. Judge Augustin-Birch also found: Affirmative Defense 3 is bare-bones and fails to provide fair notice; Affirmative Defense 4 fails to identify any potentially negligent party and fails to provide facts to show why the defense applies; Affirmative Defense 5 is bare-bones and fails to provides relevant facts; Affirmative Defense 6 first states something that is not an affirmative defense and then pleads a statement in a too-conclusory manner; Affirmative Defense 7 is bare-bones and fails to provide facts to show why the defense applies; Affirmative Defense 9 is simply a contention about the state of the law and is not an affirmative defense; Affirmative Defense 13 pleads a statement in a too-conclusory manner; Affirmative Defense 16 is bare-bones and fails to provide relevant facts; Affirmative Defense 18 fails to advance an affirmative defense; and Affirmative Defense 20 fails to advance an affirmative defense. *See id.* at 5-9. The Report also advised the Parties that they had fourteen days from receipt of a copy of the Report to object to it. *See id.* at 10.

Neither party filed objections to the Report, and, instead, Porsche filed its Motion for Leave, requesting leave to amend the Answer in line with the findings of the Report. *See* ECF No. 37. The Motion for Leave is unopposed. *Id.*

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory

committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

The undersigned has reviewed the Report, the record, and the applicable law to assure herself that no clear error appears on the face of the record. In light of that review, the undersigned agrees with the analysis and recommendations stated in Judge Augustin-Birch's Report and agrees with Judge Augustin-Birch's conclusions. Accordingly, it is

**ORDERED AND ADJUDGED** that the Report **[ECF No. 34]** is **AFFIRMED AND ADOPTED** as follows:

1. The Motion to Strike **[ECF No. 24]** is **GRANTED IN PART AND DENIED IN PART**.

2. Porsche's Answer and Affirmative Defense **[ECF No. 24]** is **DISMISSED WITHOUT PREJUDICE** as to Affirmative Defenses 3-5, 6 (last portion only), 7, 13, and 16.

3. Porsche's Answer and Affirmative Defense **[ECF No. 24]** is **DISMISSED WITH PREJUDICE** as to Affirmative Defenses 6 (first portion only), 9, 18, and 20. It is further ordered

4. The Motion for Leave **[ECF No. 37]** is **GRANTED**. Porsche shall file its Amended Answer and Affirmative Defenses to Plaintiff's Amended Complaint, attached to

the Motion to Leave as Exhibit A, as a separate document in the electronic docket **within three (3) days** of this Order.

**DONE AND ORDERED** in the Southern District of Florida, this 29th day of May, 2024.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Magistrate Judge Panayotta Augustin-Birch
      counsel of record

4